**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff,**<br>v.<br>[2] RAFAEL A. RUIZ-GARCÉS,<br>**Defendant** | **CRIM. NO. 26-186-2 (RAM)** |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff United States of America's (the "Government") *Motion Requesting Order Deeming Unmeritorious Defendant's Accusation of False Statements Provided by the United States* ("*Motion*"). (Docket No. 243). For the reasons set forth below, the Court **GRANTS** the *Motion*.

## I. BACKGROUND

On May 15, 2026, Magistrate Judge Marcos E. López held a detention hearing as to Defendant Rafael A. Ruiz-Garcés (Docket No. 170). During that hearing, the Government proffered that of six firearms found at Defendant's residence, one was not registered to him but rather to one named Juan Colón. (Docket No. 175 at 21). The Government further posited that, "[s]o, someone who we have no indication to know of any sort of relation to Mr. Ruiz Garces but he just had in his house in Puerto Rico, he had five firearms that were under his name . . . but that he also has a firearm in his

house registered to some other person." Id. at 21-22. In response, the Magistrate Judge asked, "[d]o you know who that other person is? You have a name but you don't know the relationship. Okay." Id. at 22. The Government explained in the *Motion* that it then continued proffering at the end of the hearing that "there were six firearms, one of which was registered to some other person whose relation we don't even know to this defendant and I've heard no proffers to why that firearm was in his house." (Docket No. 243 at 5-6).

In a later filing, Defendant averred that these statements were false and that "the Government's own agents knew the truth when they were made," because the Government had identified Mr. Colón and later heard why Mr. Colón's firearm was at the Defendant's home from Mr. Colón himself. (Docket No. 238 at 17).

The Government now moves this Court to hold the Defendant's accusation that the Government provided false statements to the Court meritless. (Docket No. 243 at 8).

## II. DISCUSSION

The Government avers that its comment regarding "no known relation" was intended to mean that there was no known "familial relationship" between Mr. Colón and Defendant to explain why Mr. Colón's firearm was at Defendant's home, not that there was no known relation in any way to Mr. Colón. (Docket No. 243 at 3).

Moreover, the Government argues that its comment regarding having heard "no proffers to why that firearm was in his house" was meant to be in reference to the lack of a proffer from defense counsel as to why the firearm was in Defendant's residence. Id. Lastly, the Government explains that it does not find Mr. Colón's story to be credible and thus does not credit it as a fact providing sufficient assurances of a relation to Defendant. Id. at 5-6 (discussing the Report of Investigation (ROI)).

This Court thus finds that the Government's explanation of its statement is sufficient for the Court to determine that there was no attempt at misrepresentation by Counsel during the hearing before the Magistrate on May 15, 2026. While the ROI provides a seemingly innocuous but irresponsible reason for why Mr. Colón left the firearm at Defendant's residence, the Government was not bound to credit it.

## III. CONCLUSION

For the foregoing reasons, the Government's *Motion Requesting Order Deeming Unmeritorious Defendant's Accusation of False Statements Provided by the United States* is **GRANTED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of October 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE